United States District Court
Southern District of Texas
**ENTERED**
June 29, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. SABRINA LEWIS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-2146 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEM, | § § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the court on Defendant Houston Community College System's (HCC's) Combined Motion for Summary Judgment and Rule 12(b)(1) Motion to Dismiss (Dkt. 22), and Plaintiff Dr. Sabrina Lewis's Motion to Dismiss Plaintiff's 42 U.S.C. § 1981 Claim (Dkt. 37).[1]

### I. Background

Lewis, who is African-American, was employed by HCC as Director of its Veterans Affairs Department from August 2009 until October 15, 2015. Lewis contends HCC discriminated and retaliated against her. HCC contends it terminated Lewis for performance issues.

Lewis filed a lawsuit against HCC in state court in Harris County, Texas on January 19, 2016, asserting claims for violation of the Texas Whistleblower Act (TWA) (TEX. GOV'T CODE § 554.002). She later amended her state court petition to assert race discrimination claims under Chapter 21 of the Texas Labor Code (TCHRA) and 42 U.S.C. 1981. HCC then removed the case to federal court on July 20, 2016 on the basis of federal question jurisdiction.

---

[1] The district court has referred these matters to this Magistrate Judge for report and recommendation. Dkt. 42.

After two agreed extensions of the scheduling order, HCC filed a motion for summary judgment on all of Lewis's claims on April 2, 2018. Lewis responded to the motion regarding her Section 1981 claim by stating that she intended to amend her complaint, but then filed a motion under Federal Rule of Civil Procedure 41(a)(2) for voluntary dismissal of the Section 1981 claim without prejudice. HCC opposes dismissal without prejudice.

## II.    Dismissal of 42 U.S.C. § 1981 Claim

HCC moves for summary judgment on Lewis's 42 U.S.C. § 1981 claim because that statute does not provide a right of action against local government entities. *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 463 (5th Cir. 2001). Section 1983 "provides the exclusive federal damages remedy for the violation of rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731 (1989). The requirement to sue under the appropriate statute is more than a "mere pleading formality." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002) (noting substantive differences between § 1981 and § 1983 in the remedies available and the rights protected), *overruled on other grounds by Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Lewis did not respond to the merits of HCC's motion for summary judgment on her § 1981 claim. Based on the lack of response, the court may dismiss the claim as abandoned. *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (City's failure to address an issue in response to summary judgment abandoned the issue before the district court). In addition, it is undisputed that (1) HCC is a local government entity; and (2) Lewis has not asserted a claim against HCC under 42 U.S.C. § 1983. It is too late for Lewis to amend her complaint to assert a claim under 42 U.S.C. § 1983,[2] and she has not requested leave to do so.

---

[2] The deadline for amended pleadings was January 15, 2017. Dkt. 12. That deadline has never been extended.

Rule 41(a)(2) provides for voluntary dismissal by a plaintiff only upon a court order, on terms the court considers proper. The decision whether to grant a plaintiff's Rule 41(a)(2) motion to dismiss lies within the sound discretion of the district court. *Davis v. Huskipower Outdoor Equip.*, 936 F.2d 193, 199 (5th Cir. 1991). Lewis cannot assert a claim against HCC under § 1981 as a matter of law. Therefore, the court recommends that Lewis's motion to dismiss her 42 U.S.C. § 1981 claim without prejudice be denied, HCC's motion for summary judgment on Lewis's 42 U.S.C. § 1981 claim be granted, and the 42 U.S.C. § 1981 claim be dismissed with prejudice.

### III.     Supplemental Jurisdiction

HCC removed this case from state court based on federal question subject matter jurisdiction. The claim under 42 U.S.C. § 1981 is the only federal claim Lewis asserted in this case. The decision to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c)(3) when all federal claims have been dismissed is left to the discretion of the court. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992). In deciding whether to decline supplemental jurisdiction, the court should balance the factors set forth in § 1367(c),[3] as well as the values of economy, convenience, fairness, federalism, and comity. *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 and n.7 (1988). No one factor is dispositive. *Parker & Parsley Petroleum Co.*, 972 F.2d at 586. The "general rule [in the Fifth Circuit] is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Id.* at 585. *See also Brookshire Bros.*, 554 F.3d at 602 (stating the general rule to dismiss state claims when all federal claims are dismissed before trial); *Price v. Jefferson Cty.*,

---

[3] The other § 1367(c) factors are whether there are novel or complex issues of state law; whether the state claims predominate over federal claims; and whether there are other compelling reasons to decline jurisdiction.

470 F. Supp. 2d 665, 694 (E.D. Tex. 2006); *Robison v. Earthgrains Baking Cos.*, Civil Action No. 3:00-cv-2172, 2001 WL 305846 at *3 (N.D. Tex. Mar. 29, 2001); *Jackson v. Safety-Kleen Sys., Inc.*, No. 4:11CV262, 2012 WL 4461736, at *5 (E.D. Tex. Sept. 25, 2012), *report and recommendation adopted*, No. 4:11CV262, 2012 WL 5336968 (E.D. Tex. Oct. 30, 2012); *Thymes v. Gillman Cos.*, Civil Action No. H-17-2834, 2018 WL 3025045 at *4 (S. D. Tex. June 18, 2018); *Owens v. PLS Check Cashers of Tex.,L.P.*, Civil Action No. H-09-3825, 2011 WL 1485678, *1 (S.D. Tex. April 15, 2011) (*sua sponte* declining to exercise supplemental jurisdiction and remanding case to state court); *Pierce v. Hearne ISD*, Civil Action No. W:13-CV-0334, 2014 WL 11308099 *15 (W.D. Tex. June 19, 2014) (*sua sponte* declining to exercise supplemental jurisdiction because remaining claims raised only state interests).

The procedural history of this case differs greatly from that in *Brookshire Bros.*, in which the Fifth Circuit held that the district court abused its discretion by not retaining jurisdiction. In *Brookshire Bros.*, the federal district court had invested a significant amount of judicial resources prior to remand, including substantive rulings on choice of law, prescription, breach of implied warranty, and application of the Texas economic loss rule, all of which were potentially subject to relitigation in state court. *See* 554 F.3d at 603. The posture of this case has more in common with *Enochs v. Lampass Cty.*, 641 F.3d 155 (5th Cir. 2011). In *Enochs*, the Fifth Circuit found the district court abused its discretion when it denied remand after the plaintiff amended his complaint to dismiss all federal claims. Although the Fifth Circuit recognized that federal jurisdiction over all claims existed at the time of removal, it held that after amendment, each of the statutory and common law factors weighed in favor of remand. *Id.* at 159. The Fifth Circuit noted that the district court had not expended significant resources at the time federal claims were dismissed; the parties had undertaken little trial preparation work; the district court did not

4

have substantial familiarity with the state law claims; the state court was equally convenient to the parties; it was fair for state law claims be heard in state court; and "important interests of federalism and comity" would be served by remand. *Id.* at 160. Therefore, the Fifth Circuit held that the district court should have declined supplemental jurisdiction, even though it recognized that plaintiff's amendment of his complaint was a form of forum manipulation. *Id.*

Here, the balance of factors weighs in favor of declining supplemental jurisdiction and remanding this case to state court. Significantly, the court has not yet expended significant resources on this case. Other than an initial scheduling conference, agreed motions for entry of a protective order and continuances, no hearings have been held by this court and no substantive motions have been considered. *See Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1465 (5th Cir. 1995) ("Although this case has been pending for three years and the parties were in the midst of trial preparation, the amount of judicial resources that were invested into this case, as noted by the district court, has been remarkably small. Since there has been no substantial commitment of judicial resources and the remaining claims can be routinely resolved, the district court did not abuse its discretion by remanding the remaining state claims to state court.").

In addition, the earliest possible trial date for this case is at least three months away.[4] With respect to the state law causes of action, while the TCHRA cause of action is not particularly novel, Lewis asserts a "cat's paw" theory of liability under the TWA which appears to be a somewhat novel interpretation of that law. The parties have presented several hundred pages of exhibits in support of, and in opposition to, summary judgment, all of which are relevant to the state law claims and would require a significant investment of judicial resources

---

[4] Docket call in this case is currently set for September 28, 2018. The district court has numerous other cases set for docket call that day, so it is unclear what date trial would actually begin.

to review. This case was originally filed in Texas state court, all parties and counsel are located in Houston, and there is no reason the claims cannot be fairly tried in state court. Certainly, the values of federalism and comity weigh in favor of remand.

### IV.     Conclusion and Recommendation

For the reasons discussed above, the court recommends that Lewis's motion to dismiss her claim under 42 U.S.C. § 1981 be **DENIED,** HCC's motion for summary judgment on Lewis's claim under 42 U.S.C. § 1981 be **GRANTED**, and Lewis's claim under 42 U.S.C. §1981 be dismissed with prejudice.

The court further recommends that this court decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and therefore recommends that HCC's motion for summary judgment on Lewis's TCHRA and TWA claims be **DENIED WITHOUT PREJUDICE**; and that Lewis's TCHRA and TWA claims be **REMANDED** to the 269th District Court for Harris County, Texas from which this case was removed.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on June 29, 2018, at Houston, Texas.

                                                               Christina A. Bryan
                                              United States Magistrate Judge